IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESSE JAMES WHITE, ID # 1284916, )<br>    Plaintiff, ) | |
| vs. ) | No.  3:06-CV-1657-B (BH) |
| ) | |
| DALLAS COUNTY, et al., )<br>    Defendant. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I.  BACKGROUND

Plaintiff, who is currently incarcerated in the Texas prison system, brings this action pursuant to 42 U.S.C. § 1983.  He sues Dallas County, Texas; the 194th District Court of Dallas County; the Dallas County District Attorney's Office; and the State of Texas.  Through this action, Plaintiff complains of the validity of two state criminal convictions for aggravated assault and aggravated robbery.  (*See* Answers to Magistrate Judge's Questionnaire at 1.)  He contends that he is illegally incarcerated under a void judgment because the indictment was invalid.  (*See* Compl. at 3).  He further contends the District Attorney violated his Fifth Amendment rights when she constructively amended the indictment in open court.  (*See* Compl. at 4.)  Plaintiff further asserts that the State failed to prove the essential elements of the aggravated robbery offense beyond a reasonable doubt. *Id.*  Therefore, Plaintiff concludes that the trial court lacked jurisdiction to impose a sentence and conviction.  *See id.*  He seeks an injunction against execution of the void judgment, expungement

of the conviction from his criminal record, and declaratory and monetary relief for his illegal incarceration. (Compl. at 4.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is also subject to preliminary screening pursuant to 28 U.S.C. § 1915A regardless of whether he proceeds *in forma pauperis*. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal if the Court finds the complaint frivolous. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

## III.  AVAILABLE RELIEF

Plaintiff seeks monetary damages, expungement of his conviction, an injunction against the execution of a "void" judgment, and unspecified declaratory relief. (Compl. at 4.) "The right to expungement of state records is not a federal constitutional right." *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989) (quoting *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980)). Furthermore, in the absence of some "special circumstance", lower federal courts may not order expunction of public records or order that a state conviction be expunged. *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir.

1978); *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). In short, "§ 1983 cannot be used to attack the integrity of a state criminal conviction." *Cavett*, 578 F.2d at 568.

Plaintiff has shown no special circumstances that warrant the expungement of his state conviction. Neither that requested relief nor any other requested non-monetary relief survives summary dismissal. Plaintiff has only one proper basis for relief under § 1983, *i.e.* monetary damages.

## IV. *HECK* BAR

Pursuant to 42 U.S.C. § 1983, plaintiff seeks monetary relief against a District Attorney, a state district court, Dallas County, and the State of Texas for allegedly prosecuting him under an invalid indictment and rendering a void judgment. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Because plaintiff seeks relief for an alleged failure to properly prosecute him under a valid indictment, the Court must determine whether *Heck v. Humphrey* applies. In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Thus, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751, 124 S. Ct. 1303, 1304 (2004). In addition, courts have extended the holding in *Heck* to claims seeking declaratory or injunctive relief as well as damages under 42 U.S.C. § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

*Heck* applies to claims involving an alleged prosecution under an invalid indictment. *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (applying *Heck* to claims alleging, *inter alia*, that prisoner was held without an indictment and that district court illegally indicted and sentenced him). Because plaintiff has not demonstrated that his conviction has been reversed, expunged or set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus, the Court finds that plaintiff's claims for damages and injunctive relief are not cognizable under § 1983 at this time. If the Court were to grant damages or injunctive relief for the alleged improper judgment, such ruling would necessarily call into question the validity of plaintiff's convictions. Therefore, under *Heck*, plaintiff must demonstrate that the alleged improper judgments have been reversed, invalidated, or expunged prior to bringing this action under § 1983.

Plaintiff has failed to show that the judgments have been reversed, invalidated, or expunged prior to bringing the instant action. As stated in his Answer to Question 3 of the Magistrate Judge's Questionnaire, he has obtained no relief from any state tribunal or a federal court's issuance of a writ

4

of habeas corpus. Consequently, his claims for monetary relief are "legally frivolous" within the meaning of 28 U.S.C. § 1915. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule of *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated or otherwise called into question."). The Court should dismiss them "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994) (upholding dismissal with prejudice); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (same). When a claim is not cognizable under § 1983 because of the rule espoused in *Heck*, the claim "should be dismissed." *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) until such time as plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SIGNED this 13th day of May 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE